IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Millard Jerome Strickland, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Oconee County Sheriff's Office, )<br>Mike Crenshaw, Eric Brown, )<br>Isaac Lewis, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 8:19-3176-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Millard Jerome Strickland, Jr.'s pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pre-trial detainee, seeks damages as a result of alleged constitutional violations that occurred during his arrest on November 22, 2016. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On January 10, 2020, Magistrate Judge Kevin F. McDonald filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice and without issuance and service of process due to Plaintiff's pending criminal charges and the admissions Plaintiff makes in his complaint. Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **ANALYSIS**

After a thorough review of the record, including Plaintiff's objections, the Court agrees with the Magistrate Judge that to the extent Plaintiff seeks injunctive and declaratory relief related to his arrest and pending criminal charges, abstention is warranted pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). As the Magistrate Judge correctly noted, the Court may take judicial notice of Plaintiff's pending criminal charges. *See Oconee County Public Index*, http://publicindex.sccourts.org/Oconee/PublicIndex/PISearch.aspx, 2019A3710400849, 2019A37104000850, 2019A3710400851)(last visited June 30, 2020). Stated simply, Plaintiff is still involved in ongoing state court criminal proceedings, and the state has an important interest in administering its criminal justice system free from federal interference. In addition, Plaintiff may challenge the use of force through his criminal proceedings. Thus, the Court agrees with the Magistrate Judge that, to the extent Plaintiff seeks injunctive and declaratory relief related to his pending criminal charges, extraordinary circumstances do

not warrant this Court's interference. Moreover, the Court finds that Plaintiff's objections do not alter this finding.

In his Report, the Magistrate Judge next determined that, although federal courts typically stay rather than dismiss claims for money damages during the pendency of state court proceedings, the Court should dismiss Plaintiff's claim that officers used excessive force in violation of the Eighth Amendment because the allegations of Plaintiff's complaint conced the majority of his claim. The Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

After a careful review of Plaintiff's complaint and his objections, the Court does not agree with the Magistrate Judge that Plaintiff's allegations effectively concede his excessive force claim. Rather, the Court finds that Plaintiff's complaint and objections allege facts that, when liberally construed, state a plausible claim and weigh against dismissing (rather than staying) Plaintiff's excessive force claim for damages. For example, in his objections Plaintiff alleges that while the officers' first and second uses of the Taser may be construed as an appropriate use of force to make an arrest, the third through the eleventh uses of the Taser were unwarranted because Plaintiff was not aware that he was subject to arrest and was effectively incapacitated and unable to respond to the officers' demands. Based on a liberal construction of Plaintiff's allegations, the Court cannot say that Plaintiff's damages claims are "plainly barred." Therefore, the Court will simply stay rather than dismiss Plaintiff's claims for money damages during the pendency of Plaintiff's underlying state court proceedings.

## **CONCLUSION**

Based on the foregoing, the Court adopts in part the Magistrate Judge's Report

(ECF No. 16). Specifically, the Court agrees with the Magistrate Judge that abstention is warranted as to Plaintiff's claims for injunctive and declaratory relief based on Plaintiff's pending state court criminal charges. However, the Court declines to adopt the remainder of the Magistrate Judge's Report because the Court finds it appropriate, after a careful review of Plaintiff's complaint and his objections, to simply stay (rather than dismiss) Plaintiff's claims for money damages. Accordingly, this action is hereby stayed during the pendency of Plaintiff's underlying state court proceedings and is remanded to the Magistrate Judge for further evaluation after the resolution of Plaintiff's state court criminal proceedings.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 30, 2020
Charleston, South Carolina