IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Millard Jerome Strickland, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Oconee County Sheriff's Office, )<br>Mike Crenshaw, Eric Brown, and )<br>Isaac Lewis, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 8:19-3176-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Millard Jerome Strickland's ("Plaintiff" or "Strickland") *pro se* complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges assault and battery, negligence, and violations of his Fourth, Eighth, and Fourteenth Amendment rights. On February 25, 2021, Defendants filed a motion for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Civil Rules for this District, this matter was referred to a United States Magistrate Judge for preliminary determinations.

On June 1, 2021, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. Specifically, the Magistrate Judge recommends that the Court grant summary judgment in favor of Defendant Mike Crenshaw ("Crenshaw") on Plaintiffs' state and federal causes of action, thereby dismissing him from the action. The Magistrate Judge also recommends that the Court grant summary judgment in favor of Defendants Eric Brown ("Brown") and Isaac

Lewis ("Lewis") on Plaintiffs' negligence claim but deny summary judgment as to Brown and Lewis on Plaintiffs' § 1983 excessive force claim and his state law assault and battery claim. Lastly, the Magistrate Judge recommends that the Court deny summary judgment as to Defendant Oconee County Sheriff's Office ("OCSO") based on Defendants' failure to submit arguments related to it.

Attached to the Report was a notice advising the parties of the right to file specific, written objections to the Report within fourteen days of receiving a copy. After being given an extension of time, Defendants filed objections to the Report, and Plaintiff subsequently filed "objections to Defendants' objections."

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2

## II.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

## I.     The Magistrate Judge's Report and the Parties' Objections

As an initial matter, Plaintiff did not timely file his "objections to Defendants' objections" for them to be considered proper objections to the Magistrate Judge's Report. Nevertheless, even considering them as proper objections, the Court finds them unspecific and wholly without merit.  Stated plainly, in his two-sentence filing, Plaintiff simply objects to Defendants' objections, without any additional explanation, and he "objects to the recommendation in the Report of [the] Magistrate Judge to dismiss Sheriff Mike Crenshaw from this action," without any additional explanation.  (ECF No. 72 at 1.) These objections and entirely conclusory and they do not point to any legal or factual error in the Magistrate Judge's Report.

3

After review, the Court finds no error in the Magistrate Judge's thorough analysis of Plaintiff's claims against Defendant Crenshaw. As the Magistrate Judge properly explained, even though Plaintiff's § 1983 claim against Crenshaw may be sufficient under Rule 8 of the Federal Rules of Civil Procedure to survive a Rule 12(b)(6) motion, Plaintiff has failed to provide any support for his allegations to create a genuine issue of material fact as to Crenshaw's liability in a supervisory capacity. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Thus, the Court agrees with the Magistrate Judge that Plaintiff's § 1983 claim against Defendant Crenshaw, without more than Plaintiff's blanket allegations, does not survive Defendants' motion for summary judgment. Likewise, the Court agrees with the Magistrate Judge that Crenshaw is entitled to summary judgment on Plaintiff's state law assault and battery claim for the reasons set forth by the Magistrate Judge.

Next, the Court notes that no party objects to the Magistrate Judge's finding that Defendants are entitled to summary judgment as to Plaintiff's state law negligence claim against Defendants. Ultimately, the Court agrees with the Magistrate Judge that this claim does not fall within one of the enumerated exceptions under the South Carolina Tort Claims Act because Plaintiff has not alleged that Defendants Brown, Lewis, or Crenshaw acted outside the scope of their official duties. Thus, the Court adopts the Magistrate Judge's recommendation and grants summary judgment in favor of Defendants' on Plaintiff's negligence cause of action.

In their objections, Defendants first raise arguments related to Defendant OCSO, asserting that the Court should dismiss OCSO based on Plaintiff's failure to state a claim that OCSO violated Plaintiff's due process rights. As Defendants point out, Plaintiff claims that OCSO violated his rights by failing to investigate the alleged excessive use of force by

4

Defendants Brown and Lewis in accordance with OCSO policy.

After review, the Court agrees with Defendants and finds that OCSO's alleged failure to conduct a proper investigation of Defendants' use of force does not state a claim under 42 U.S.C. § 1983, as Plaintiff does not have a constitutional right to such an investigation. In other words, even accepting as true Plaintiff's assertion that OCSO failed to follow its investigation policy, this does not state a constitutional claim. *See*, *e.g.*, *Hart v. City of Santee*, No. 5:16-cv-3338-JMC, 2017 WL 3158779 (D.S.C. July 25, 2017) (dismissing § 1983 claims based on an alleged failure to investigate because there is no South Carolina law that creates a right to an adequate investigation, and, regardless, violations of state law are not cognizable under § 1983). Accordingly, the Court sustains this portion of Defendants' objections and dismisses Defendant OCSO from this action.

The remainder of Defendants' objections focus on the Magistrate Judge's recommendation that summary judgment be denied as to several taser deployments by Defendants Brown and Lewis. Defendants disagree with the Magistrate Judge's conclusion that there were 17 separate taser deployments, and they essentially repeat the arguments they previously set forth in their motion for summary judgment and supporting affidavits as to their use of force against Plaintiff. Overall, Defendants maintain that their actions were reasonable under the circumstances they faced, and they assert that they did not violate Plaintiff's rights. Moreover, Defendants assert that even if their actions did somehow violate Plaintiff's rights, they are entitled to qualified immunity.

After a thorough review of the parties' arguments, the Magistrate Judge's Report, and the evidence before the Court, the Court is not convinced by Defendants' objections regarding Plaintiff's § 1983 claim and state law assault and battery claim against

Defendants Lewis and Brown. In fact, the Court finds that Defendants' objections merely highlight why questions of fact exist as to the reasonableness of several of Defendants' taser deployments, as it is abundantly clear that reasonable minds could disagree about whether Defendants' use of force was reasonable under the circumstances. *See*, *e.g.*, *Meyers v. Baltimore County, Maryland*, 713 F.3d 723, 732-34 (4th Cir. 2013) (finding that an officer's first three uses of a taser were reasonable because the plaintiff was resisting with a baseball bat, acting erratically, and advancing towards the officer, but finding that questions of fact existed as to the reasonableness of the seven subsequent taser deployments). Stated differently, the Court finds genuine issues of material fact as to the reasonableness of Defendants' taser deployments other than those deployments that the Magistrate Judge specifically found reasonable in accordance with *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). *See also Estate of Armstrong ex rel. Armstrong v. Village of Pinehurst*, 810 F.3d 892, 903 (4th Cir. 2016) (noting that "tasers are proportional force only when deployed in response to a situation in which a reasonable officer would perceive some immediate danger that could be mitigated by using the taser"). Thus, the Court overrules Defendants' objections and adopts the Magistrate Judge's findings as to Plaintiff's § 1983 and assault and battery claims.

Furthermore, because genuine issues of material fact exist as to whether Brown and Lewis violated Plaintiff's constitutional rights, the Court agrees with the Magistrate Judge that these Defendants are not entitled to qualified immunity; nor are they entitled to immunity under the South Carolina Tort Claims Act from Plaintiff's assault and battery claim.

**CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report in full as to Defendants Crenshaw, Brown, and Lewis, but the Court declines to adopt the Magistrate Judge's Report with respect to Defendant OCSO. Thus, the Court grants in part and denies in part Defendants' motion for summary judgment (ECF No. 49) as follows: (1) the Court grants summary judgment in favor of Defendants Crenshaw and OCSO, and these Defendants are dismissed from this action; (2) the Court grants summary judgment in favor of Defendants Brown and Lewis on Plaintiff's negligence claim; and (3) the Court denies summary judgment in favor of Defendants Brown and Lewis on Plaintiff's § 1983 and assault and battery claims, as outlined in the Magistrate Judge's Report.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 10, 2021
Charleston, South Carolina

---

[1] Due to the ongoing COVID-19 pandemic, this Court is not currently conducting jury trials. Although the Court hopes to resume jury trials in the near future, the Court notes that criminal trials will take priority over civil trials due to the Speedy Trial Act and other constitutional concerns. Because the Court has a number of criminal cases awaiting jury trials, it is unlikely that this case will be tried prior to spring or summer of 2022. In the meantime, however, the Court is going to refer this case to another United States Magistrate Judge for the purposes of mediation and the potential appointment of counsel for Plaintiff.